**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| TECHTRONIC INDUSTRIES COMPANY LIMITED and TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., | : : : : : | |
| *Plaintiffs,* | : : | No. 24-mc-803-DII |
| v. | : : | |
| MUDDY WATERS CAPITAL, LLC, | : : | |
| *Respondent.* | : : : | |

**RESPONSE OF MUDDY WATERS CAPITAL, LLC TO PLAINTIFFS'
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Muddy Waters Capital, LLC ("Muddy Waters") respectfully submits this response to the Motion to Compel Compliance (ECF 2) of Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. ("TTI").

This Motion is one of three pending discovery proceedings in this District Court concerning discovery sought by TTI, plaintiffs in a defamation lawsuit, *Techtronic Industries Co. Ltd., et al. v. Victor Bonilla*, No. 8:23-cv-1734-CEH-AEP (M.D. Fla.) ("Florida Action"). This Response concerns TTI's subpoena to non-party Muddy Waters on May 23, 2024 ("Subpoena"), Exhibit 1. TTI also initiated a motion to compel proceeding against non-party Freddy Brick, one of Muddy Waters' employees. Muddy Waters' CIO and founder Carson Block, also a non-party, initiated the third action, a motion to quash or in the alternative for protective order.[1]

For the reasons set forth below, TTI's Motion should be denied. Further, Muddy Waters respectfully requests that these three matters be consolidated because all three concern similar discovery issues in the same Florida Action. TTI does not oppose the consolidation as long as it will not disrupt the currently scheduled September 17 proceeding. *See* Ex. 8 hereto, Email chain among counsel, Aug. 29-30, 2024.

I. BACKGROUND

   A. **The Florida Action**

The Florida Action asserts defamation claims solely against Defendant Victor Bonilla. TTI alleges that Mr. Bonilla issued two research reports in 2023 that allegedly

---

[1] The other actions are: (a) TTI motion to compel against Mr. Brick (*Techtronic Industries Co. Ltd. v. Brick*, No. 24-mc-804 (W.D. Tex. July 18, 2024)); and (b) Mr. Block's Motion to Quash or Alternatively for a Protective Order (*Block v. Techtronic Industries Co. Ltd.*, No. 24-mc-873 (W.D. Tex. Aug. 2, 2024)). Mr. Block's motion was assigned to Magistrate Judge Lane, who scheduled a hearing on September 17, 2024. Because Judge Lane has scheduled a proceeding in one of these matters, Muddy Waters requests that all three proceedings be assigned to Judge Lane.

contained defamatory statements about TTI, including that TTI engaged in fraudulent accounting practices and defrauded one of its partners. *See* ECF 2 at Ex. 1, Am. Compl. Mr. Bonilla, a short seller, issued the reports under the name "Jehoshaphat Research." The Amended Complaint asserts two causes of action against Bonilla, Libel and Libel *Per Se*. *Id*. Mr. Bonilla is the only defendant in the Florida Action.

### B. Muddy Waters, Carson Block and Freddy Brick

Muddy Waters is an independent financial news organization and SEC-registered investment adviser. Carson Block is Muddy Waters' founder and CIO. Freddy Brick is a Muddy Waters employee. Neither Muddy Waters, Mr. Block nor Mr. Brick is a party to the Florida Action (or any other action filed by TTI.) They are not accused of making any defamatory statements, and TTI has not asserted any claims against them. They are not even mentioned in TTI's Amended Complaint (or its prior Complaint.)



Mr. Bonilla also discussed his research on an online platform owned by Mr. Block called Zeroes TV. ECF 2, at Exs. 4, 5.

### C. Discovery Disputes

The three related discovery actions relate to TTI's subpoenas for documents and the action by Mr. Block also concerns a demand for his deposition.

- 2 -

<u>TTI Subpoena Duces Tecum to Muddy Waters</u>. *See* Ex. 1. This Subpoena is the subject of this Motion. As demonstrated below, it is, among other things, overbroad, unduly burdensome, seeks confidential or competitively sensitive information, and seeks documents and information not relevant to the defamation claims in the Florida Action. *Infra* pp. 5-7. For example, the Subpoena seeks documents concerning matters unrelated to TTI and Muddy Waters' internal trading records regarding TTI, even though Muddy Waters' trading decisions are confidential and entirely irrelevant. *Id.*

Muddy Waters served timely responses and objections to the Subpoena. *See* Email from D. Esper to J. Sternberg, et al., June 7, 2024, Exhibit 2. It also advised that, subject to certain objections, Muddy Waters would search for and produce documents responsive to a majority of the Requests (*i.e.*, Request Nos. 2 and 5-10.) Muddy Waters did not "refuse[]" to comply, as TTI argues. ECF 2, at 2. On June 30, Muddy Waters produced 9 documents in response to the Requests for which it agreed to produce documents.

TTI's counsel filed on July 18, 2024, this Motion to Compel, seeking an order overruling Muddy Waters' objections and compelling complete responses by Muddy Waters. *See* ECF 2.[2]

Approximately one month later, on August 29, 2024, after the undersigned were engaged, Muddy Waters served Amended Responses and Objections to the Subpoena, attached as Exhibit 3.[3] The Amended Responses advise that, subject to certain objections, Muddy Waters is prepared to apply reasonable search parameters to search for and produce additional

---

[2] The parties have resolved a dispute over whether the Motion to Compel was properly served. Muddy Waters and Freddy Brick's counsel in this proceeding has accepted service of the Motions to Compel and TTI does not contest the timeliness of this Response. *See* Ex. 8, Email chain among counsel, Aug. 29-30, 2024.

[3] Muddy Waters, Mr. Block and Mr. Brick were represented in the Florida Action by Dilan A. Esper, Esq. who is also Mr. Bonilla's lawyer in the Florida Action.

- 3 -

non-privileged documents responsive to eleven of TTI's twelve Requests (*i.e.*, Request Nos. 1-3 and 5-12) and continues to object and produce no documents responsive to the Request for Muddy Waters' internal trading documents concerning TTI (*i.e.*, to Request No. 4.)

<u>Related discovery disputes concerning non-parties Messrs. Brick and Block.</u>  TTI directed two very similar subpoenas for documents to Messrs. Brick and Block, as well as subpoenas seeking their depositions.  The details of those disputes are set forth in Exhibit 4 (Block Motion to Quash) and Exhibit 5 (Brick Response to Motion to Compel).

The subpoenas directed to Mr. Brick and Mr. Block, which are identical, request largely the same documents as those requested of Muddy Waters.  *See* Ex. 6 (Block Subpoena); Ex. 7 (Brick Subpoena).  Since documents maintained by Mr. Brick and Mr. Block are housed on Muddy Waters' system, a production by Muddy Waters is also a production by Mr. Brick and Mr. Block.[4]

As to depositions, Mr. Brick has agreed to be deposed in Austin, Texas and it was scheduled for September 17.  However, because the Court has scheduled a hearing on that date on Mr. Block's Motion to Quash, we will work with TTI to find a mutually convenient date thereafter.  Mr. Block seeks to have the subpoena seeking his deposition quashed for the reasons set forth in his Motion to Quash, Ex. 4.

## II.  ARGUMENT

TTI's Motion should be denied because: (1) TTI fails to meet its burden of persuasion that the documents it seeks with respect to five Requests (*i.e.*, Request Nos. 1, 3-4, 11-12) are relevant; (b) compliance with the Subpoena would impose undue burden on Muddy Waters; (c) TTI's requests facially seek privileged and confidential

---

[4] In connection with those subpoenas, however, we inquired of Mr. Brick and Mr. Block whether they have any responsive documents in their personal control.

information; and (d) the Motion is now largely moot due to Muddy Waters' Amended Responses and Objections. *see* Ex. 3.

### A. TTI Fails to Carry its Burden of Demonstrating that the Requested Discovery Is Relevant

TTI has failed to demonstrate that Request Nos. 1, 3, 4, 11, and 12 seek relevant documents. *See PA Advisors, LLC v. Google, Inc.*, 2009 WL 10741631, at *2 (E.D. Tex. Oct. 8, 2009) (proponent must meet "threshold burden of relevancy"); *Gauthier v. Union Pac. R.R. Co.*, 2008 WL 2467016, at *4 (E.D. Tex. June 18, 2008) (same).

The Florida Action concerns TTI's defamation claims against Mr. Bonilla. That would make relevant whether Mr. Bonilla's alleged statements are defamatory; Mr. Bonilla's intent; publication of Mr. Bonilla's statements; and TTI's damages, if any. None of that makes Muddy Waters' statements or conduct at issue. TTI's Motion fails to demonstrate that it is entitled to obtain documents responsive to the Requests to which Muddy Waters has objected on relevance grounds.

First, TTI says that Requests 1, 3, 11 and 12[5] are relevant because they seek documents that could reflect Mr. Bonilla's intent, ECF 2, at 7. That is incorrect. Mr. Bonilla's intent is gleaned from Mr. Bonilla himself or, possibly, from his communications regarding TTI with Freddy Brick, the Muddy Waters employee responsible for its relationship with Bonilla. TTI has already deposed Mr. Bonilla and is scheduled to depose Mr. Brick in September. Muddy Waters has also agreed to produce

---

[5] *See* Ex. 1, Request No. 1 ("All agreements, contracts, and/or writings evidencing an agreement between You and Bonilla, Schwartz, and/or Carrollwood as well as any Documents or Communications about any such agreements or contracts."); No. 3 (all documents "between You and Bonilla, Schwartz, and/or Carrollwood regarding Jehoshaphat Research"); No. 11 (all documents "related to money owed by You to Bonilla, Schwartz, and/or Carrollwood."); No. 12 (all non-privileged documents "regarding this Action, including without limitation any communications between you and Bonilla, Schwartz, and/or Carrollwood about same").

its communications with Mr. Bonilla regarding TTI, Mr. Bonilla's two reports, and his appearances on Zer0es TV (*see* Exs. 2, 3, Responses to Requests 2, 5-10). TTI's Requests probing the general Muddy Waters-Bonilla relationship have no bearing on Mr. Bonilla's intent regarding *Bonilla's* statements about TTI (Requests 1, 3, 11-12).

Second, Request No. 4[6], seeking Muddy Waters' trading records, has no bearing, including no bearing on TTI's damages. Citing no authority, TTI says, "the extent to which Muddy Waters traded in TTI's stock based on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Bonilla's defamatory reports, would establish the degree of harm that Bonilla's reports caused damage to TTI." ECF 2, at 7. That is not true. *Muddy Waters*' trading in TTI securities has nothing to do with *TTI's* alleged defamation damages. Muddy Waters invests in public securities based on research and investigation.

TTI's Motion fails completely in demonstrating that Muddy Waters' trades in TTI stock somehow relates to TTI's alleged damages. The Motion, for example, references no legal authority, expert opinion or other legally cognizable basis that would make Muddy Waters' trades relevant.

Third, Request No. 12 seeks documents regarding discussions about this Action. But that is far removed from Mr. Bonilla's actual supposed defamatory conduct. TTI has not demonstrated the relevance of such *post hoc* documents, which are likely privileged.

Fourth, TTI argues that it needs the documents sought by Requests 1, 3-4, and 11-12 to determine whether it needs to seek other discovery from Mr. Bonilla, ECF 2, at 7. That is worse than no basis – it is an admission that the Requests are not relevant.

---

[6] Request No. 4 seeks all documents "related to any trading by [Muddy Waters] in TTI stocks, options, futures, or other securities between August 1, 2022 and the present, including without limitation any short positions you took in TTI, whether directly or indirectly, during the referenced date range."

Discovery for the purpose of taking more discovery is an acknowledgment that TTI is on a fishing expedition, which is improper. *See, e.g., Benge v. Highgate Holdings*, No. 3:09-CV-1404-B (BK), 2011 WL 13290463, at *3 (N.D. Tex. Apr. 5, 2011).

Finally, Mr. Bonilla has been subject to extensive document and deposition discovery. TTI says that it needs this discovery to better understand the relationship between Bonilla and Mr. Brick, but (a) Muddy Waters agreed to provide documents relating to the Brick-Muddy Waters-Bonilla relationship, *i.e.*, by producing documents in response to Request Nos. 2 and 5-10; and (b) Mr. Brick's deposition will be taken in September.[7]

Accordingly, the Motion should be denied because TTI has failed to make the required threshold demonstration that its Requests seek relevant information.

### B. The Subpoena Is Unduly Burdensome, Including Because It Is Overbroad and Seeks Irrelevant Documents

"Rule 45 provides additional protections to nonparties to ensure they do not suffer an undue burden or significant expense resulting from compliance." *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 58 (N.D. Tex. 2015) (quotation omitted). The Fifth Circuit considers the following factors to determine whether the subpoena presents an undue burden: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Further, "the

---

[7] TTI also argues that these requests are relevant because they seek documents to show that Mr. Bonilla had a "financial incentive to hurt TTI, write about TTI anonymously, and fail[] to take actions to verify his claims." ECF 2, at 8. But Mr. Bonilla has already produced in discovery ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ TTI does not need more.

court may also consider the expense and inconvenience to the non-party [and] find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.*[8] Application of these factors confirms that the Subpoena is unduly burdensome.[9]

Factors (1) and (2): Requests 1, 3, 4, 11, and 12 seek irrelevant documents, and TTI has shown no need, as demonstrated above.

Factor (3): Request Nos. 1, 3, 5, and 11 are facially overbroad as they go far beyond Muddy Waters' dealings with Mr. Bonilla *about TTI*. Instead, they encompass all documents relating to *any* agreement between Muddy Waters, Mr. Bonilla, and others, whether or not the document concerns TTI (Request 1); communications relating to Jehoshaphat Research, also without regard to TTI (Request 3); and documents relating to moneys paid or owed to Mr. Bonilla or others, regardless of whether they concern TTI (Requests 5, 11).

Factor (4): Although TTI argues that it has offered to limit the date range of certain requests to the period January 1, 2022 to present (ECF 2, at 8), the allegedly "narrowed" date range is much broader than the August 2022 date cutoff set forth in Instruction No. 18 of the Subpoena, *see* Ex. 1, which also has no end date. The August 2022 date reaches too far back; ███████████████████████████████ ███████████████ and Bonilla's first report was not published until February 23, 2023.

---

[8] "The party issuing the subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *United States ex rel. Eichner v. Ocwen Loan Servicing LLC*, No. 4:19-CV-00524, 2024 WL 2922979, at *3 (E.D. Tex. June 10, 2024) (citation omitted). "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation." *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018) (quotation omitted).

[9] Muddy Waters has amended its responses and objections to limit the scope of the requests, and, where applicable, agreed to produce documents in a more limited way.

There is no reason for discovery before the February 2023 first report ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Factor (5): The Requests are not described with particularity. Most notably, Request 12 seeks documents "regarding this Action." That is not a particularized request, especially to a non-party.

Factor (6): Non-parties deserve special protection from TTI's burdensome discovery. Further, Muddy Waters operates in a competitively sensitive industry and must protect its clients' information and its own proprietary information. Producing documents related to its transactions (Request No. 4) and other confidential information where its connection with the underlying case is so attenuated imposes undue burden. *E.g., Clewett v. TXU Energy Retail Co., LLC*, 2023 WL 6536148, at *3 (N.D. Tex. Jan. 30, 2023); *In re Stewart Title Co.*, 2009 WL 1708079, at *2 (S.D. Tex. June 17, 2009).

### C.  The Subpoena Seeks Privileged and Confidential Information

TTI argues that Muddy Waters' privilege objections should be overruled because the Subpoena does not seek privileged documents. ECF 2, at 9. TTI also takes the extreme position that because Muddy Waters has not yet produced a privilege log, it has waived any privilege claim. *Id*. Both contentions are meritless.

First, TTI argues that it only seeks "pre-litigation records" that "cannot implicate" any privilege. ECF 2, at 9. But the Subpoena is not so limited.[10] And pre-litigation records could implicate the attorney-client privilege and work product doctrine.[11]

Second, TTI seeks Muddy Waters' documents about its transactions in TTI

---

[10] The requests seeks "all" responsive documents; the time period dates from August 2022 to the present, *i.e.*, after the onset of litigation, *id*. Instr. 18; and all requests but one fail to specify whether they seek only non-privileged documents.

[11] With respect to privilege issues, TTI's Motion is premature. Privilege claims should be tested on a document-by-document basis at a later date, if necessary.

securities (Request 4).  Muddy Waters' trading decisions are confidential and its inner workings should not be subject to discovery where it has no significant involvement.  TTI has not shown the required <u>substantial</u> need for such documents.  Fed. R. Civ. P. 45(d)(3)(B); *Stewart Title*, 2009 WL 1708079, at *2.

<u>Third</u>, Muddy Waters has not waived any privilege.  TTI cites no authority and none exists for its position.  Even TTI's case - *Phillips v. Murphy Oil USA, Inc.*, No. EP-23-CV-00294-KC, 2024 WL 677711, at *6 (W.D. Tex. Feb. 12, 2024) – overruled objections to a late produced privilege log.  Muddy Waters was not required to produce a privilege log by a date certain, discovery is ongoing, and it will abide by its obligations and any Court Order directing the production of such a log.

### D. **TTI's Motion to Compel Is Moot**

The Motion should also be denied because portions of it are moot as a result of Muddy Waters' Amended Responses and Objections.  *See* Ex. 3.  Most notably, subject to narrow objections, Muddy Waters has agreed to apply reasonable search terms and produce responsive documents to all but one of TTI's requests (No. 4, regarding Muddy Waters' internal trading in TTI securities).  It has also agreed to produce all communications with Mr. Bonilla relating to TTI and internal communications about Mr. Bonilla and TTI.  *Id*.

WHEREFORE, Muddy Waters respectfully requests that the Court enter an Order denying TTI's Motion to Compel.

| | |
|---|---|
| Date: August 30, 2024 | By:  */s/ David C. Lawrence*<br>RIGBY SLACK, PLLC<br>David C. Lawrence<br>Texas Bar No. 24041304<br>William A. Duncan<br>Texas Bar No. 24124453<br>3500 Jefferson Street, Suite 330<br>Austin, Texas 78731<br>(512) 782-2060<br>dlawrence@rigbyslack.com<br>wduncan@rigbyslack.com<br><br>HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER<br>John S. Summers (PA No. 41854) (*pro hac vice* motion forthcoming)<br>jsummers@hangley.com<br>Andrew M. Erdlen (PA No. 320260) (*pro hac vice* motion forthcoming)<br>aerdlen@hangley.com<br>One Logan Square, 27th Floor<br>Philadelphia, Pennsylvania 19103<br>(215) 568-6200<br><br>*Counsel for Muddy Waters, Carson Block and Freddy Brick* |