UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Techtronic Industries Company Limited, and Techtronic Industries Factory Outlets, Inc., <br><br> Movant, <br><br> – against – <br><br> Muddy Waters Capital LLC, <br><br> Respondent. | Case No. 1:24-mc-803 |

## TTI'S REPLY IN SUPPORT OF MOTION TO COMPEL

Through the conferral process, the parties have worked together to narrow their dispute over the issues set forth in TTI's motion to compel, with Muddy Waters Capital LLC ("Muddy Waters") recently serving "Amended Responses and Objections" on TTI. While TTI appreciates the progress the parties have made, there still remain certain disputes between the parties that require intervention from the Court.

First, Muddy Waters has refused to produce documents relating to its trading in TTI's securities around the time the first and second short-seller reports were issued in 2022. These documents are important to TTI's case against Mr. Victor Bonilla: ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Further, TTI understands that the burden on Muddy Waters of producing these records is minimal—in fact, at least some of the trading records appear in communications that Muddy Waters is otherwise reviewing as part of its document review process. The Court should

order Muddy Waters to produce them.

Second, the parties disagree about certain other issues relating to Muddy Waters' production, though TTI remains committed to working with Muddy Waters to try to resolve these issues in advance of the hearing set for September 17, 2024. The issues are:

- Muddy Waters has thus far not agreed to provide a privilege log for communications involving an unspecified in-house counsel at Muddy Waters. TTI believes that Muddy Waters should be held to the same standard that regularly applies when a subpoena recipient withholds documents on ground of privilege: They must provide a reasonable privilege log.

- Muddy Waters has thus far not agreed to produce internal communications about TTI during the narrow, relevant time period unless such communications specifically reference the reports; TTI believes that, given the absence of any showing of burden and given the likelihood that such communications are relevant, Muddy Waters should produce them.

- Muddy Waters thus far has not agreed to produce communications with third-parties about TTI in the relevant time period; TTI believes that there is no basis to withhold such documents.

## ARGUMENT

### I.   MUDDY WATERS' TRADING RECORDS ARE RELEVANT AND THEIR PRODUCTION IMPOSES NO UNDUE BURDEN

Muddy Waters refuses to produce records of its trading in TTI's stock around the time of Mr. Bonilla's report because, it contends, that request is unduly burdensome because the records are irrelevant. Opp. at 6. But "the proper standard" is that a party is entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Doe 1 v. Baylor Univ.*, No. 6:16-CV-173, 2022 WL 18275748, at *2 (W.D. Tex. Mar. 25, 2022) (denying motion to quash on relevance). "Indeed, during discovery relevancy is broadly construed, and information is considered relevant if it

encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Thompson v. Midland Coll.*, No. 22-CV-246, 2023 WL 11852560, at *2 (W.D. Tex. Oct. 13, 2023) (denying motion to quash) (citation and quotation omitted). Muddy Waters' trading records easily satisfy this test.

First and foremost, these trading records are undoubtedly relevant to TTI's claims in the underlying case against Mr. Bonilla in Florida. ███

███

Second, the nature of Muddy Waters' trading likewise is relevant. TTI has alleged that Mr. Bonilla—███—executed a "short and distort" scheme to artificially decrease TTI's stock price for their own profit. Mr. Bonilla's First Report falsely claimed that TTI's valuation was inflated by more than 60%. ███

None of Muddy Waters' other grounds for refusing to produce these documents have merit.

3

Although Muddy Waters baldly asserts that the "transactions are confidential" and that the subpoena seeks "competitively sensitive information" (Opp. at 3), it offers no basis for these assertions or explanation for how records of stock trades it performed more than a year ago are "confidential" or "competitively sensitive." It likewise does not explain why the protective order that the Middle District of Florida has entered in this case is insufficient to safeguard this purportedly sensitive information. Nor can Muddy Waters offer any plausible argument that producing these records would be burdensome: a handful of spreadsheets from Muddy Waters' files or from its stock broker would provide all of the requested information.

Because TTI's request for these records imposes a minimal burden on Muddy Waters and given the importance of these records to TTI's case against Mr. Bonilla, the records are plainly proportional and discoverable. The Court should order Muddy Waters to comply with the Subpoena and produce records of its trading in TTI's stock.

II. **MUDDY WATERS SHOULD BE COMPELLED TO PRODUCE A REASONABLE PRIVILEGE LOG, INTERNAL COMMUNICATIONS ABOUT TTI, AND COMMUNICATIONS WITH THIRD PARTIES ABOUT THE SHORT REPORTS**

In addition to the issue of trading records (on which the parties have reached an impasse), the parties are continuing to confer about three issues that they currently disagree about, namely (1) whether Muddy Waters must log relevant communications withheld on ground of privilege where an in-house lawyers was involved, (2) whether Muddy Waters must produce responsive internal communications about TTI (and not just about the short seller reports), and (3) whether Muddy Waters must produce responsive communications with third-parties about the short seller reports. TTI remains hopeful that the parties can resolve these issues in advance of the September 17 hearing.

On the privilege log issue, TTI believes that Muddy Waters should be held to the same standard that regularly applies when a party withholds documents on ground of privilege: They

4

must provide a reasonable privilege log. In-house lawyers are often consulted about business matters or are otherwise copied on e-mails that do not solicit legal advice from the lawyer. Such communications are not privileged and, to the extent that Muddy Waters will withhold such communications from its production, TTI is entitled to a log that will allow TTI to reasonably assess whether the communications are in fact privileged.

Muddy Waters has thus far not agreed to produce internal communications about TTI during the narrow, relevant time period (the months around the time of the first and second reports) unless such communications specifically reference the reports. TTI believes that, given the absence of any showing of burden and given the likelihood that such communications are relevant, Muddy Waters should produce them. So far, Muddy Waters has not identified any reason why Muddy Waters would be communicating about TTI other than for some reason that may be relevant to TTI's claims about Mr. Bonilla. Such communications should be produced.

Finally, Muddy Waters thus far has not agreed to produce communications with third-parties about TTI in the relevant time period, claiming that TTI's requests are overbroad. TTI believes that there is no basis for withhold such documents from the production in the absence of any showing of burden. TTI has proposed a narrowing of its request on third-party communications and hopes the parties can resolve this dispute before the September 17 hearing.

## **CONCLUSION**

Accordingly, the Court should grant TTI's Motion to Compel and order Muddy Waters to produce the categories of documents referenced herein and a reasonable privilege log.

Dated: September 11, 2024

By: /s/ *Asher Griffin*
**QUINN EMANUEL URQUHART & SULLIVAN LLP**

Asher B. Griffin, Texas Bar No. 24036684
300 West 6th Street, Suite 2010
Austin, TX 78701
(737) 667-6100
ashergriffin@quinnemanuel.com

Jason D. Sternberg (*pro hac vice* pending)
2601 South Bayshore Drive, 15 Floor
Miami, FL 33133
Telephone: (305) 402-4880
Facsimile: (305) 901-2975
jasonsternberg@quinnemanuel.com

Kristin Tahler (*pro hac vice* pending)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
kristintahler@quinnemanuel.com

*Attorneys for Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, September 11, 2024, true and correct copies of the foregoing document were served on the following counsel of record at the addresses and in the manner indicated:

**VIA ECF AND E-MAIL**

Dilan Esper
HARDER STONEROCK LLP
8383 Wilshire Boulevard, #526
Beverly Hills, CA 90211
desper@harderllp.com

David C. Lawrence
William A. Duncan
RIGBY SLACK PLLC
3500 Jefferson St., Suite 330
Austin, Texas 78731
dlawrence@rigbyslack.com

John S. Summers
Andrew M. Erdlen
HANGLEY ARONCHICK SEGAL PUDIN &
SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
jsummers@hangley.com


*/s/Asher Griffin*
Asher Griffin